UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 99-00922-CR-LENARD

**UNITED STATES OF AMERICA,**

v.

**LOVA DEBRA STEWART-JONES,**

   Defendant.
_____/

**ORDER DENYING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)**

**THIS CAUSE** is before the Court on Defendant Lova Debra Stewart-Jones' Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), ("Motion," D.E. 41), filed July 24, 2024. The Government filed a Response on August 13, 2024. ("Response," D.E. 46). Defendant did not file a Reply and the time to do so has passed. Upon review of the Motion, Response, and the record, the Court finds as follows.

**I.    Background**

On December 21, 1999, a Grand Jury sitting in the Southern District of Florida returned an indictment charging Defendant with two counts of importation of cocaine, in violation of 21 U.S.C. § 952(a). (D.E. 7). Pursuant to a written plea agreement, Defendant pled guilty to Count 1 on February 28, 2000. (D.E. 14).

At sentencing, Defendant's guideline range was 37 to 46 months of imprisonment, based on a total offense level of 21 and a criminal history category of I.

(PSR ¶ 50). On December 27, 2000, the Court sentenced her *in absentia* to 40 months of imprisonment and four years of supervised release. (D.E. 33). Defendant had failed to appear for her sentencing on that date and an arrest warrant was issued on May 9, 2000. (D.E. 21).

Defendant remained at large for over two decades until she was arrested on December 6, 2022. (D.E. 37). Upon her arrest, she was detained and later charged with failure to appear, in violation of 18 U.S.C. § 3146(b), and criminal contempt, in violation of 18 U.S.C. § 401. (D.E. 21) (Case no. 00-cr-00812-LENARD). She pled guilty to both counts (D.E. 20) and was sentenced to 12 months and one day imprisonment to run consecutive to the term of imprisonment in the underlying cocaine importation case (99-cr-00922). (*Id.*).

In the instant Motion, Defendant requests a sentence reduction "pursuant to 18 U.S.C. § 3582(c)(2) and Part B of Amendment 821 to the United States Sentencing Guidelines." (Mot. at 1).[1] She asserts she is eligible for a two-level reduction under the amendment and further argues that the 18 U.S.C. § 3553(a) factors support a reduction based upon her "advanced age of sixty-eight (68) years" and "diminished risk of recidivism and the potential health concerns associated with incarceration at an advanced age." (Mot. at 2). In its Response, the Government concedes that Defendant is eligible for a sentence reduction under Part B of Amendment 821. (Resp. at 7).

---

[1] Part B addresses an adjustment for certain zero-point offenders.

2

However, the Government asserts that a reduction is not warranted under § 3553(a) as Defendant's "decision to fail to appear and to remain at-large for over 22 years undermines the Court's authority and respect for the law" and "because the defendant should have already served her sentence decades ago, she is asking to benefit from a new change in the law that, absent her flight, she would not currently be subject to." (*Id.* at 8).

## II.     Legal Standards

Generally, "a district court may not modify an imprisonment sentence except where expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure[.]" *United States v. Phillips*, 597 F.3d 1190, 1194 (11th Cir. 2017). Section 3582(c)(2) is one such statute that Congress created to fashion a narrow means of modifying a criminal sentence. Section 3582(c)(2) states that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after consulting the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Defendant argues that her sentencing range has been lowered by Part B of Amendment 821 to the Sentencing Guidelines, which created § 4C1.1. This section provides for a retroactive decrease of two levels from a defendant's initial offense level for those defendants who did not receive any criminal history points, and whose instant

3

offense did not involve certain enumerated aggravating factors. USSG § 4C1.1(a). Thus, the Court must first consider whether Defendant is eligible for a sentence reduction under the terms of § 3582(c)(2) and Sentencing Guideline § 4C1.1, and if he is, determine whether the 18 U.S.C. § 3553(a) factors weigh in favor of a reduction in Defendant's sentence.

## III. Discussion

The Court first finds that Defendant is eligible for relief because she did not in an amended guideline range of 30–37 months' imprisonment.

Proceeding to the next step, the Court considers the § 3553(a) factors.[2] The Court agrees with the Government that Defendant's "decision to fail to appear and to remain at-large for over 22 years undermines the Court's authority and respect for the law." (Resp. at 2). This factor weighs heavily against a sentence reduction. Furthermore, the Court finds given the Defendant's failure to appear for sentencing, and her arrest 22 years later, that the history and characteristics of the defendant, the need to provide just punishment and the need to afford adequate deterrence to criminal conduct do not support a sentence reduction. As such, the Motion is due to be denied.

---

[2] These § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

## IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Lova Debra Stewart-Jones' Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (D.E. 41) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 11th day of October, 2024.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**